United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41157
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EDGAR ALEJANDRO VENEGAS-CASTILLO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-70-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Edgar Alejandro Venegas-Castillo (Venegas) appeals the
conviction and sentence resulting from his plea of guilty to
illegally reentering the United States following deportation.
See 8 U.S.C. § 1326.

    Venegas originally contended that the district court erred
by refusing to count three prior convictions as related
convictions for purposes of calculating his criminal history.
However, Venegas now concedes that at least two of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions were not related under the Sentencing Guidelines because they were separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2) & comment. (n.3) (Nov. 2004). He also concedes that any remaining error in his criminal history score would be harmless. No relief is warranted regarding Venegas's criminal history.

Venegas also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Venegas's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Venegas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Venegas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is

AFFIRMED.